```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA


* * * * * * * * * * * * * * *
UNITED STATES OF AMERICA     *    Docket No. 94-CR-373-M
                             *
        -v-                  *    New Orleans, Louisiana
                             *    Wednesday, March 30, 2005
PAUL ARD                     *    9:30 a.m.
* * * * * * * * * * * * * * *



                            TRANSCRIPT OF
                RULE TO REVOKE SUPERVISED RELEASE HEARING,
                  HEARD BEFORE THE HONORABLE PETER BEER,
              UNITED STATES SENIOR DISTRICT JUDGE PRESIDING.



APPEARANCES:


FOR THE GOVERNMENT:          WILLIAM J. QUINLAN, JR., AUSA
                             U.S. Attorney's Office
                             500 Poydras Street, HB 210
                             New Orleans, LA   70130


FOR THE DEFENDANT:           CHARLES CHUCK R. LANE, ESQ.
                             Halliburton Energy Services, Inc.
                             601 Poydras Street, Suite 1660
                             New Orleans, Louisiana   70130




Official Court Reporter:     Rhonda J. Hardin
                             500 Poydras Street, Room B406
                             New Orleans, Louisiana   70130
                             (504)589-7780

Proceedings recorded by mechanical stenography, transcript
produced by computer.
```

```
 1                    P R O C E E D I N G S
 2                   (Wednesday, March 30, 2005)
 3                    M O R N I N G   S E S S I O N
 4           THE COURT:  We are going to go ahead and call the
 5    criminal matter.
 6           THE CLERK:  94-373, United States America versus Paul
 7    Ard.
 8           MR. QUINLAN:  Jay Quinlan on behalf of the United
 9    States.
10           MR. LANE:  Chuck Lane on behalf of the defendant, Paul
11    Ard.
12           THE COURT:  Have you all made any agreement or
13    stipulation?
14           MR. QUINLAN:  I have spoken to Mr. Lane, I understand
15    from Mr. Lane there will be a stipulation to the allegations
16    set forth in the Rule to Revoke Supervised Release.
17           THE COURT:  You want to note the stipulation on the
18    record and I'll check with defense counsel and the defendant.
19           MR. QUINLAN:  Certainly.  On March 14, 2005, I filed a
20    Rule to Revoke Mr. Ard's Supervised Release, Conviction 94-373.
21    The basis for the rule, Your Honor, is a new conviction for
22    Mr. Ard in case 04-242, out of Section A, conspiracy to
23    distribute five grams or more of cocaine base and quantities of
24    cocaine hydrochloride.  That new conviction and sentence to 157
25    months is the basis for the revocation in this matter.
```

                                                                    3

1            THE COURT:  Okay.  Thank you, Mr. United States
2    Attorney.
3            Mr. Lane, I am looking at the information that
4    has been made available to the Court.  It does appear that
5    Judge Zaney sentenced the defendant on March 1, 2005, as has
6    been indicated by the U.S. Attorney, who offers a stipulation.
7    Is it acceptable to the defense?
8            MR. LANE:  That is acceptable to us, Your Honor.
9            THE COURT:  Mr. Ard, let me just take a moment, sir,
10   to tell you that this agreement simply supplements the record
11   with respect to the fact you were, indeed, sentenced to 157
12   months by Judge Zaney on March 1, 2005; is that correct?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  Thank you, sir.
15            Let the record show that the Court accepts the
16   stipulation as indicated by the U.S. Attorney and that is
17   acceptable to defense counsel and the defendant.  Let's proceed
18   from there.
19           MR. QUINLAN:  With that stipulation, the government
20   would submit that, that serves as the basis for Mr. Ard's
21   revocation and ask that his supervised release term be revoked
22   based on that.
23           THE COURT:  Mr. Defense Counsel, do you have anything
24   you want to put on the record?
25           MR. LANE:  The only thing I would like to put on the

4

1  record is that Mr. Ard did cooperate with the government and
2  that I would request, if possible, that any sentence you
3  impose, you would run it concurrently with any sentence he
4  received from Judge Zaney.
5      THE COURT:  Okay.  I'll bear that in mind.  Mr. Ard,
6  do you have anything you want to say to the Court?
7      THE DEFENDANT:  Well, not really, Your Honor.
8  Basically, the same thing my attorney just said.  I would plea
9  upon the Court, that you would have mercy to do that.  That is
10 all.  I apologize for coming before you again, Your Honor.
11     THE COURT:  All right.  Well, I know that after 25
12 years here as a United States District Judge, I realize that
13 nobody wants to hear a lecture from the Court.  I'm sorry, too.
14 For I must say, when I last saw you, I didn't expect this to
15 happen.  You seemed like an okay guy to me.  But here we are.
16 Let me see speak to probation officer for just a second.
17 (OFF THE RECORD DISCUSSION AT THE BENCH WITH PROBATION OFFICER)
18     THE COURT:  Okay.  Well, I am going to hand down as
19 follows:
20         Pursuant to the Sentencing Reform Act of 1984, it
21 is the judgment of this Court that the defendant's term of
22 supervised release imposed on May 3, 1995, is hereby revoked
23 and the defendant is hereby committed to the custody of the
24 Bureau of Prisons for a period of 48 months, such term to be
25 served consecutively with the ssentence imposed in 04-CR-242,

1   Section A.

2           It is further ordered that Paul Ard be remanded

3   to the U.S. Marshal at this time.

4           Now, I should tell you, Mr. Ard, that as you

5   probably know, this whole procedure would essentially be

6   meaningless if the sentence I have just imposed was to be

7   concurrent, and the regulations of the Bureau of Prisons and

8   the Federal Rules of Criminal Procedure all void, that in an

9   instance such as this, the sentence has to be consecutive.

10          So, the Court has made some adjustment in the

11  ultimate determination of the amount of the consecutive

12  imposition of imprisonment.  And I have dealt with it as I

13  indicated in my judgment.  All right, gentleman.  Thank you.

14          MR. QUINLAN:  Thank you.

15                      COURT IN RECESS

16

17                     REPORTER'S CERTIFICATE

18

19

20          I, RHONDA J. HARDIN, Official Court Reporter,
    United States District Court, Eastern District of Louisiana, do
    hereby certify that the foregoing is a true and correct
21  transcript, to the best of my ability and understanding, from
    the record of the proceedings in the above-entitled and
22  numbered matter.

23
                                    _____
24                                  Rhonda J. Hardin
                                    Official Court Reporter
25